IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LION RAISINS, INC., | ) | 1:09-cv-01900-OWW-SMS |
| | ) | |
| Plaintiff, | ) | **SCHEDULING CONFERENCE ORDER** |
| | ) | |
| vs. | ) | Motions for Summary Judgment |
| | ) | Filing Deadline: 7/16/10 |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE; UNITED STATES | ) | Responses to Motions for |
| DEPARTMENT OF JUSTICE, | ) | Summary Judgment |
| | ) | Filing Deadline: 8/13/10 |
| Defendants. | ) | |
| | ) | Replies to Responses to |
| | | Motions for Summary Judgment |
| | | Filing Deadline: 8/27/10 |
| | | |
| | | Hearing on Motions for |
| | | Summary Judgment: |
| | | 9/13/10, 10:00am, Ctrm. 3/**OWW** |

1. Date of Scheduling Conference:

    February 3, 2010.

2. Appearances of Counsel:

    Wesley T. Green, Esq., Corporate Counsel, appeared telephonically on behalf of plaintiff.

    Assistant United States Attorney Benjamin E. Hall appeared on behalf of defendants.

//

1

3. The Pleadings:

    A. Summary of the Pleadings.

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff, a raisin handler, alleges in its Amended Complaint for Declaratory and Injunctive Relief [FOIA] that defendants have improperly withheld records requested by plaintiff under FOIA. The Complaint contains ten counts, summarized briefly as follows:

<u>Count 1</u>. FOIA Log 08-00114, Appeal Log No. 08-00139 and 09-00010: OIG Chain of Custody Records for Seized Shipping Files. Plaintiff alleges that the USDA has wrongfully withheld records relating to custody of export shipping files seized from plaintiff in 2000.

<u>Count 2</u>. FOIA No. 08-1184, Appeal No. 08-2635: DOJ Chain of Custody Records for Seized Shipping Files. Plaintiff alleges that the DOJ has wrongfully withheld records relating to custody of export shipping files seized from plaintiff in 2000.

<u>Count 3</u>. FOIA Request Nos. 92-08; Appeal 3-09: 410 Outside Orders from 1997/1998 ($1,606.82 Paid Under Protest). Plaintiff alleges that the USDA has wrongfully refused to reimburse plaintiff for $1,606.82 in search costs relating to Outside Order forms.

<u>Count 4</u>. FOIA Request No. 46-09: 760 Additional Outside Orders (Overpayment of $746.20). Plaintiff alleges that the USDA has wrongfully withheld Outside Order forms and wrongfully refused to reimburse plaintiff for an overpayment in the amount of $746.20.

<u>Count 5</u>. FOIA Request No. [Unassigned]: RAC-Retained Certificates. Plaintiff alleges that the USDA has wrongfully

withheld records relating to certificates received by the Raisin Administrative Committee for raisins packed at plaintiff.

<u>Count 6</u>. FOIA No. 19-09: Waiver of Conflicts Between Mr. Blevins and Mrs. Carroll-Blevins. Plaintiff alleges that the USDA has wrongfully withheld records relating to waivers of conflict of interest between USDA attorney Colleen A. Carroll and former Agricultural Marketing Service Compliance Officer G. Neil Blevins.

<u>Count 7</u>. FOIA No. [Unassigned]: Former USDA Employees Retained to Work on Lion Cases. Plaintiff alleges that the USDA has wrongfully withheld records relating to retention of former USDA employees to work on matters relating to plaintiff.

<u>Count 8</u>. FOIA No. [Unassigned]: Notice Restoring USDA Inspection Service to Debarred Companies. Plaintiff alleges that the USDA has wrongfully withheld records relating to the withdrawal or restoration of USDA inspection services for other raisin handlers.

<u>Count 9</u>. FOIA No. 59-09: Electronic Records of Certificate Worksheets. Plaintiff alleges that the USDA has wrongfully withheld electronic records of Certificate Worksheets.

<u>Count 10</u>. FOIA No. 09-00136: OIG Reports. Plaintiff alleges that the USDA has wrongfully withheld records relating to an Office of Inspector General Report of Investigation dated May 14, 2001.

Plaintiff requests that the Court order defendants to disclose and provide physical access to records, reimburse funds to plaintiff, and award plaintiff its costs and attorneys' fees.

Defendants admit that plaintiff has submitted various FOIA requests; that records have been produced in response to some

3

of those requests; that other records were not located despite reasonable searches; deny that they have improperly withheld records or funds from plaintiff; deny each and every allegation of improper conduct and bad faith; deny that plaintiff is entitled to any relief whatsoever; and, request that the Complaint be dismissed with prejudice.

   B. Orders Re: Amendment of Pleadings.

    No amendments are proposed at this time.

4. Factual Summary:

  A. Admitted Facts which are deemed proven without further proceedings.

   (1) Plaintiff is a raisin handler and is regulated by a federal marketing order.

   (2) The USDA provides inspection and grading services.

   (3) The USDA's Agricultural Marketing Service commenced an investigation of plaintiff, and a search warrant was executed at plaintiff in October of 2000.

   (4) The USDA commenced administrative proceedings to debar plaintiff from inspection services; and, while those proceedings have been pending, plaintiff has submitted numerous FOIA requests.

   (5) Plaintiff has filed appeals from the USDA's responses to various FOIA requests.

  B. Contested Facts.

   (1) All other factual matters.

//

/

5. Legal Issues:
   A. Uncontested.
      (1) Venue
   B. Contested.
      (1) All other legal issues.
6. Consent to Magistrate Judge Jurisdiction:

This case will not be assigned for all purposes, including trial, to the Honorable Sandra M. Snyder, United States Magistrate Judge, as the parties do not so consent at this time.

7. Corporate Identification Statement:

Any non-governmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court, and shall supplement the statement within a reasonable time of any change in the information.

8. Discovery Plan:

Because this is a FOIA case, it will proceed to summary judgment without discovery. However, plaintiff may request that the Court authorize discovery following the parties' briefing on summary judgment.

9. Motion Schedule:

The parties shall file motions for summary judgment by July 16, 2010, responses thereto by August 13, 2010, replies thereto by August 27, 2010, for a hearing on September 13, 2010 at 10:00 a.m. in Courtroom No. 3 on the Seventh Floor before the Honorable Oliver W. Wanger, United States District Judge. **Local Rules 230 and 260**.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the Court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

10. Settlement Conference:

Global settlement negotiations are ongoing between the USDA and plaintiff. If such a settlement is reached, it is expected to include all pending FOIA litigation, including this lawsuit. Should the parties desire a Settlement Conference, they will jointly request one of the Court, and one will be arranged.

//

/

11. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

Not applicable at this time.

12. Related Matters Pending:

Another FOIA lawsuit entitled ***Lion Raisins, Inc. vs. United States Department of Agriculture***, **1:08-cv-00358-OWW-SMS**, also relating to raisin inspection records, remains pending.

13. Compliance with Federal Procedure:

The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto (**revised December 1, 2009**). The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload. Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

14. Compliance with Electronic Filing Requirement:

On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF). Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of January 3, 2005, in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic. Attorneys

are required to file electronically in pro se cases.  More information regarding the Court's implementation of CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Local Rules effective January 3, 2005, and amended December 1, 2009, the CM/ECF Final Procedures, and the CM/ECF User's Manual.

While the Clerk's Office will not refuse to file a proffered paper document, the Clerk's Office will scan it and, if improperly filed, notify the Court that the document was filed in an improper format.  An order to show cause (OSC) may be issued in appropriate cases regarding an attorney's disregard for the requirement to utilize electronic filing, or other violations of these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).

All counsel must be registered for CM/ECF.  On-line registration is available at www.caed.uscourts.gov.  Once registered, counsel will receive a login and password in approximately one (1) week.  Counsel must be registered to file documents on-line.  See L.R. 135(g).  Counsel are responsible for knowing the rules governing electronic filing in the Eastern District.  Please review the Court's Local Rules effective January 3, 2005, and amended December 1, 2009, available on the Court's web site.

15.  Effect of this Order:

The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution.  If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ORDERED to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated: February 5, 2010**          /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE